UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X

WINTRUST SPECIALTY FINANCE, A DIVISION OF          Case No. 20-CV-16589-SRC-CLW
BEVERLY BANK & TRUST COMPANY, N.A.,

                              Plaintiff,            Return Date July 3, 2023

              - against -

PINNACLE COMMERCIAL CREDIT INC.,

                              Defendant.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

MORITT HOCK & HAMROFF LLP
*Attorneys for Plaintiff*
400 Garden City Plaza, 2nd Fl.
Garden City, New York 11530
(516) 873-2000
Facsimile: (516) 573-2010
Email: rcohen@morritthock.com
       lbernstein@morritthock.com

Of Counsel:   Robert S. Cohen
              Lauren Bernstein

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................... iii

PRELIMINARY STATEMENT ........................................................................ 1

FACTUAL BACKGROUND ............................................................................ 3

ARGUMENT ................................................................................................... 3

POINT I
THE SUMMARY JUDGMENT STANDARD ................................................. 3

POINT II
PLAINTIFF HAS ESTABLISHED ITS *PRIMA FACIE* RIGHT TO SUMMARY
JUDGMENT ON ITS FIRST, SECOND AND THIRD CLAIMS ...................... 5

    A.    PLAINTIFF HAS ESTABLISHED ITS *PRIMA FACIE* CASE OF
           BREACH OF CONTRACT ................................................................... 5

    B.    PLAINTIFF IS ENTITLED TO INDEMNIFICATION ......................... 7

    C.    PLAINTIFF IS ENTITLED TO RECOVER ITS LEGAL FEES AND
           COSTS ................................................................................................ 8

POINT III
DEFENDANT'S AFFIRMATIVE DEFENSES ARE WITHOUT MERIT AND
CANNOT DEFEAT SUMMARY JUDGMENT ............................................... 8

    A.    DEFENDANT'S FIRST AFFIRMATIVE DEFENSE:
           FAILURE TO STATE A CLAM ........................................................... 9

    B.    DEFENDANT'S SECOND AFFIRMATIVE DEFENSE:
           TOO INDEFINITE TO BE ENFORCED ............................................ 10

    C.    DEFENDANT'S THIRD AFFIRMATIVE DEFENSE:
           MISTAKE ............................................................................................ 11

    D.    DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE:
           FRAUDULENT INDUCEMENT ........................................................ 11

    E.    DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE:
           UNCONSCIONABILITY ................................................................... 12

    F.    DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE:
           ILLEGALITY OR BARRED UNDER STATE LAW ......................... 13

G.    DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE: DURESS ........................................................................................... 14

H.    DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE: IMPOSSIBILITY ................................................................................. 14

I.    DEFENDANT'S NINTH AFFIRMATIVE DEFENSE: UNDUE INFLUENCE ........................................................................... 15

J.    DEFENDANT'S TENTH AFFIRMATIVE DEFENSE: LACKS CONSIDERATION ..................................................................... 15

K.    DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE: ACCORD AND SATISFACTION ........................................................ 16

L.    DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE: WAIVER, ACQUIESCENCE AND ESTOPPEL ...................................... 16

M.    DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE: STATUTE OF LIMITATIONS AND LACHES .................................. 17

N.    DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE: NO DAMAGES .......................................................................... 18

O.    DEFENDANT'S FIFTEENTH AND SIXTEENTH AFFIRMATIVE DEFENSE: DAMAGES CAUSED BY THIRD PARTIES OR PLAINTIFF NOT DEFENDANT .......................................................................... 19

P.    DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS ................................................................... 19

Q.    DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE DAMAGES .............................................. 20

R.    DEFENDANT'S NINETEENTH AFFIRMATIVE DEFENSE: STANDING .................................................................................. 21

S.    DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE: EXPRESS OR IMPLICITLY MODIFIED CONTRACT ....................... 21

POINT III
CONCLUSION AND PRAYER FOR RELIEF ......................................................................... 22

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Aguilar v. Atl. Richfield Co.*,
  25 Cal. 4th 826 (2001) ................................................................ 10

*Am. Software, Inc. v. Ali*,
  46 Cal. App. 4th 1386 (Cal Ct. App., 1st Dist. 1996) ................................ 13

*Bakersfield Coll. v. California Community Coll. Athletic Assn.*,
  41 Cal. App. 5th 753 (Cal Ct. App., 3rd Dist. 2019) .......................... 12, 13

*Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*,
  No. 21-cv-00831, 2022 WL 16894837 (C.D. Cal. Aug. 25, 2022) .......... 5

*Belton v. Comcast Cable Holdings, LLC*,
  151 Cal. App. 4th 1224 (Cal Ct. App. 1st Dist. 2007) .......................... 12

*BII Fin. Co. v. U-States Forwarding Services Corp.*,
  95 Cal. App. 4th 111 (Cal Ct. App., 2d Dist. 2002) .......................... 16

*Blaser v. State Teachers' Retirement Sys.*,
  37 Cal. Rptr. 3d 428 (Cal Ct. App., 6th Dist. 2022),
  *review denied* (Mar. 15, 2023) ...................................................... 17

*City of Oakland v. Oakland Police & Fire Retirement System*,
  224 Cal. App. 4th 210 (Cal App., 1st Dist. 2014) ................................ 18

*CSAA Ins. Exch. v. Hodroj*,
  72 Cal. App. 5th 272 (Cal Ct. App., 6th Dist. 2021) ...................... 5, 7, 9

*Est. of Eskra*,
  78 Cal. App. 5th 209 (Cal Ct. App., 5th Dist. 2022) .......................... 11

*Getty v. City of Berkeley*,
  No. 92-cv-2980, 1994 WL 17503 (N.D. Cal. Jan. 18, 1994) .................. 4

*Golden Gate Way, LLC v. Enercon Services, Inc.*,
  572 F. Supp. 3d. 797 (N.D. Cal. 2021) .......................................... 12

*Habitat Tr. for Wildlife, Inc. v. City of Rancho Cucamonga*,
  175 Cal. App. 4th 1306 (Cal Ct. App., 4th Dist. 2009) ...................... 14

*In re Cheryl E.*,
  161 Cal. App. 3d 587 (Cal Ct. App., 2d Dist. 1984) .......................... 15

*Influential Network, Inc v. Darkstore, Inc.*,
    No. 21-cv-07162, 2023 WL 2372060 (C.D. Cal. Feb. 14, 2023) ............................................ 12

*Loughan v. Harger-Haldeman*,
    184 Cal. App. 2d 495 (Cal Ct. App., 2d Dist. 1960) ................................................................ 16

*Malmstrom v. Kaiser Aluminum & Chem. Corp.*,
    187 Cal. App. 3d 299 (Ct. App. 1986) .................................................................................... 22

*Martinez-Gonzalez v. Elkhorn Packing Co. LLC*,
    25 F.4th 613 (9th Cir. 2022) ................................................................................................... 15

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ............................................................................................................ 4, 9

*Merced Cnty. Mut. Fire Ins. Co. v. State of California*,
    233 Cal. App. 3d 765 (Cal Ct. App., 5th Dist. 1991) ............................................................ 11

*Meridian Fin. Services, Inc. v. Phan*,
    67 Cal. App. 5th 657 (Cal Ct. App., 4th Dist. 2021) ............................................................. 19

*Miller v. Elite Ins. Co.*,
    100 Cal. App. 3d 739 (Cal Ct. App., 1st Dist. 1980) ............................................................ 16

*Miller v. Glenn Miller Prods., Inc.*,
    454 F.3d 975 (9th Cir. 2006) ................................................................................................ 4, 8

*Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*,
    55 Cal. 4th 223 (2012) ........................................................................................................... 13

*Porter v. Cal. Dep't of Corr.*,
    419 F.3d 885 (9th Cir.2005) .................................................................................................. 4, 9

*R.P. Richards, Inc. v. Chartered Const. Corp.*,
    83 Cal. App. 4th 146 (Cal Ct. App., 2d. Dist. 2000) ............................................................... 8

*Sakayan v. Zhabilov*,
    No. 22-cv-6618, 2022 WL 18231674 (C.D. Cal. Nov. 28, 2022) .......................................... 17

*Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*,
    No. 15-cv-01137, 2016 WL 615335 (E.D. Cal. Feb. 16, 2016) ............................................ 10

*Speirs v. BlueFire Ethanol Fuels, Inc.*,
    243 Cal. App. 4th 969 (Cal Ct. App., 4th Dist. 2015) ........................................................... 15

*Stephens & Stephens XII, LLC v. Fireman's Fund Ins. Co.*,
    231 Cal. App. 4th 1131 (Cal Ct. App., 1st Dist. 2014) .......................................................... 17

iv

*SVAP III Poway Crossings, LLC v. Fitness Int'l, LLC*,
    87 Cal. App. 5th 882 (Cal Ct. App., 4th Dist. 2023) ............................................... 14

*Tarpy v. County of San Diego*,
    110 Cal. App. 4th 267 (Cal Ct. App., 4th Dist. 2003) ............................................. 14

*Troyk v. Farmers Group, Inc.*,
    171 Cal. App. 4th 1305 (Cal Ct. App., 4th Dist. 2009) .......................................... 10

*Ward v. Allstate Ins. Co.*,
    964 F. Supp. 307 (C.D. Cal. 1997) ........................................................................... 4

*Yi v. Circle K Stores, Inc.*,
    258 F. Supp. 3d 1075 (C.D. Cal. 2017),
    *aff'd*, 747 F. App'x 643 (9th Cir. 2019) ................................................................... 12

## Other Authorities

Cal. Civ. Proc. Code § 337 ............................................................................................ 17

3217863v4

## PRELIMINARY STATEMENT

Wintrust Specialty Finance, a division of Beverly Bank & Trust Company, N.A., ("Plaintiff") respectfully submits this Memorandum of Law in support of its Motion for an order awarding summary judgment on its First, Second and Third Claims asserted in its Amended Complaint[1], seeking to recover: (1) the sums due and owing under the Originator Agreement; (2) indemnification for any and all expenses, injuries and damages which Plaintiff incurred as a result of Defendant's actions and/or breach of the Originator Agreement; (3) all costs, expenses, and attorney's fees incurred to enforce the Originator Agreement; and (4) such other and further relief as this Court deems just and proper.

Pinnacle Commercial Credit, Inc. ("Defendant") is an entity which locates companies that need equipment financing, agrees to provide financing as set forth in a contract and then generally seeks to sell the contract and its rights thereunder to a third party. Wood Affidavit at ¶3.

On or about April 7, 2020, Plaintiff began its relationship with Defendant and entered into the Originator Agreement. *Id*. at ¶ 15; Ex. A. On or about July 9, 2020, Defendant entered into the Devault Contract, whereby Defendant agreed to provide Devault financing in the amount of Two Hundred Thirty-Seven Thousand, Seven Hundred and Fifty-Three Dollars and Zero Cents ($237,753.00) (the "Purchase Price") for the purchase of a Truck from Oshkosh. *Id*. at ¶ 16; Ex. B. In exchange for providing the Purchase Price to Oshkosh, Defendant would obtain a first priority security interest in the Truck and would receive monthly payments from Devault. *Id*. at ¶ 16; Ex. B at ¶ 2.

---

[1] All terms not defined herein shall have the same meanings as set forth in the Affidavit of Chelsea Wood, sworn to on April 26, 2023 (the "Wood Affidavit") and the Affirmation of Lauren Bernstein dated April 28, 2023 (the "Bernstein Affirmation").

3217863v4

Pursuant to the Originator Agreement, Defendant, among other things:

a.    Made express warranties and representations that it would provide Plaintiff with valid and authentic documents in connection with the transactions that were assigned to Plaintiff;

b.    Agreed to repurchase any assigned financing transactions from Plaintiff in the event that Defendant breached its representations and warranties under the Originator Agreement;

c.    Agreed to indemnify and hold Plaintiff harmless for any expense, injury or damage Plaintiff might suffer as result of Defendant's acts and/or breaches of its obligations under the Originator Agreement; and

d.    Agreed to reimburse Plaintiff for all reasonable attorney's fees incurred by the Plaintiff in its enforcement of the Originator Agreement.

*Id*. at ¶¶ 27, 29-30; Ex. A at ¶¶ 5(A); 9, 12.

Thereafter, in furtherance of the Originator Agreement, Plaintiff and Defendant entered into the Assignment whereby Defendant assigned all of its rights under the Devault Contract to Plaintiff. *Id*. at ¶ 17; Ex. C. As part of the consideration to be paid to Defendant, Defendant requested, as is common in the industry, that Plaintiff pay Oshkosh, the supplier of the Truck, the Purchase Price (the "First Payment"). *Id*. at ¶¶ 18, 20(d). In furtherance thereof, Plaintiff sent the Purchase Price to the account as set forth in the wire instructions provided by Defendant. *See id*. at ¶ 20. However, as further explained in the Wood Affidavit, the wire instructions Defendant provided to Plaintiff were fraudulent in that Defendant provided wire instructions to a bank account of a fictitious entity posing to be Oshkosh. *Id*. at ¶¶ 5, 21. As a result of Defendant's failure to provide accurate wire instructions, Oshkosh did not receive the First Payment. *Id*. at ¶ 22.

The Originator Agreement also provides that Defendant shall indemnify Plaintiff for any of its acts, which clearly includes providing Plaintiff with improper wire instructions. *Id*. at ¶ 29.

2

Defendant's failure to provide Plaintiff with accurate wire instructions also triggered other defaults, including, but not limited to, Defendant's failure to provide Plaintiff with a first priority security interest in the Truck as Oshkosh never received the First Payment and therefore Devault never received title to the Truck. *See id*. at ¶ 28; Ex. A at ¶ 5(A). Moreover, Defendant further breached its obligations under the Originator Agreement by failing to: (i) repurchase the assigned contract from Plaintiff as it was required to do after its Initial Default (as defined below) and (ii) failing to indemnify Plaintiff for its act of providing the incorrect wire instructions. *Id*. at ¶¶ 29-32; Ex. A at ¶ 12. Plaintiff suffered expenses, damages and injuries as a direct result of Defendant's acts and/or breaches of the Originator Agreement. Plaintiff was damaged in the amount of $237,753.00 representing the First Payment which was sent to the wrong entity, as well as its attorney's fees it incurred due to Defendant's actions. This lawsuit followed and as set forth below, Plaintiff's Motion should be granted in its entirety as there are no genuine issues of material fact.

## FACTUAL BACKGROUND

A full recitation of relevant facts is set forth in the accompanying Wood Affidavit, together with the exhibits annexed thereto, Bernstein Affirmation, together with the exhibits annexed thereto, and Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts dated April 28, 2023. For the sake of brevity, the facts will not be fully repeated herein, except as specifically referenced in the Argument Points below.

## ARGUMENT

## POINT I

## THE SUMMARY JUDGMENT STANDARD

In order to prevail on a motion for summary judgment, a plaintiff must establish, through evidence such as "pleadings, depositions, answers to interrogatories, and admissions on file,

together with affidavits" that "there is no genuine issue as to any material fact." *Getty v. City of Berkeley,* No. 92-cv-2980, 1994 WL 17503, at *1 (N.D. Cal. Jan. 18, 1994).[2] Once the plaintiff makes this showing, the burden shifts to the defendant "to set forth specific facts" beyond the "mere allegations or denials of the adverse party's pleadings" that show "there is a genuine issue for trial." *Miller v. Glenn Miller Prods., Inc.,* 454 F.3d 975, 988 (9th Cir. 2006) (quoting Fed. R. Civ.P. 56(e)). To satisfy this burden, defendant cannot rely upon speculation, conjecture, or conclusory statements and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). *See also Glenn Miller Prods., Inc.*, 454 F.3d at 988 ("But the non-moving party must come forward with more than the mere existence of a scintilla of evidence. Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.") (internal quotations and citations omitted); *see also Porter v. Cal. Dep't of Corr.,* 419 F.3d 885, 891 (9th Cir.2005) ("…once the moving party meets the requirements of Rule 56 by showing there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, who must set forth specific facts showing that there is a genuine issue for trial.") (internal quotations omitted).

In fact, if "the factual context renders [the non-moving party's] claim implausible – if the claim is one that simply makes no [] sense – [the non-moving party] must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita Elec. Indus. Co.,* 475 U.S. at 587; *see also Ward v. Allstate Ins. Co.,* 964 F. Supp. 307, 310 (C.D. Cal. 1997). Further, where the plaintiff moves for summary judgment not only to make out its

---

[2] As set forth in the Originator Agreement, California law governs this dispute. Wood Affidavit, Ex. A at ¶ 15. Therefore, this Memorandum of Law will cite to California federal and state decisions.

*prima facie* case but also to contest an affirmative defense which defendant would have the burden of proof at trial, "the [plaintiff] may discharge its burden of production by either (1) negating an essential element of the [defendant's] claim or defense, or (2) showing that there is an absence of evidence to support the [defendant's] case." *Balboa Cap. Corp. v. Shaya Med. P.C. Inc.*, No. 21-cv-00831, 2022 WL 16894837, at *2 (C.D. Cal. Aug. 25, 2022) (internal quotations and citations omitted).

Here, there is no genuine issue of material fact and Defendant will not be able to present any admissible evidence to support the boilerplate and conclusory affirmative defenses asserted in its Amended Answer.

**POINT II**

**PLAINTIFF HAS ESTABLISHED ITS *PRIMA FACIE* RIGHT TO SUMMARY JUDGMENT ON ITS FIRST, SECOND AND THIRD CLAIMS**

**A.    PLAINTIFF HAS ESTABLISHED ITS
       *PRIMA FACIE* CASE OF BREACH OF CONTRACT**

In order to establish breach of contract, a plaintiff must demonstrate the existence of a valid contract, breach of that contract and resulting damages. *See CSAA Ins. Exch. v. Hodroj*, 72 Cal. App. 5th 272, 276 (Cal Ct. App., 6th Dist. 2021).

Plaintiff has established the existence of a valid contract by producing the Originator Agreement entered into by and between Plaintiff and Defendant on April 7, 2020. *See* Wood Affidavit, Ex. A. Defendant admits that it entered into the Originator Agreement. Bernstein Affirmation at ¶¶ 5, 6, Exs. C, D at ¶¶ 6.   Defendant's breach of its obligations under the Originator Agreement is established because by providing Plaintiff with faulty wire instructions, Defendant failed to pay for and/or acquire the Truck and therefore failed to provide Plaintiff with a first priority security interest in the Truck (the "Initial Default"). Failure to pay for and/or

5

acquire the Truck or provide Plaintiff with a first priority security interest in the Truck is clearly

a breach of Defendant's representations and warranties which state, in relevant part,

> …all equipment to be leased or equipment to be pledged as collateral under a purchase money security interest …is being acquired in connection with the financing transaction submitted to [Plaintiff].

> [Defendant] warrants and represents that [] [Plaintiff] will have a first priority purchase money lien on equipment and a first priority lien on all collateral free and clear of any and all liens…

Wood Affidavit at ¶¶ 27-28; Ex. A at ¶¶ 5(M); 5(G); *see also id*. Ex. B at ¶ 2 (stating that

Defendant will acquire the Truck with the proceeds of the loan to Devault and Defendant shall

have a first purchase money security interest in the Truck).

Defendant does not and cannot genuinely dispute that it provided Plaintiff with fictious

wire instructions and such an action is a direct breach of Defendant's obligations, representations

and warranties which explicitly provide that "[a]ll…documents submitted to [] [Plaintiff] by

[Defendant] will have been duly authorized, executed and delivered by all parties thereto

including, but not limited to [Defendant], any lessee, debtor, obligor, guarantor, pledgor, supplier

or *vendor* and…will be *valid* [and] *authentic*…". Wood Affidavit, Ex. A at ¶ 5(A) (emphasis

added).

Moreover, Defendant cannot dispute that after the Initial Default, Defendant failed to

repurchase the Devault Contract from Plaintiff as required under the Originator Agreement (the

"Second Default", together with the First Default, the "Default"). *Id*. at ¶ 32; Ex. A at ¶12. ("[I]n

the event of a breach of any of the representations and warranties…[Defendant], within five (5)

business days of receipt of [] [Plaintiff's] written demand, shall purchase the identified financing

transaction(s) from [] [Plaintiff]…"). Moreover, by failing to indemnify Plaintiff, Defendant

once again breached the Originator Agreement. *See infra* II.B.

6

Plaintiff completes its *prima facie* case by setting forth its damages. *See* Wood Affidavit at ¶¶ 40-41. As set forth in the Wood Affidavit, due to Defendant's actions of providing Plaintiff with fictitious wire instructions, Oshkosh did not receive the First Payment. *Id*. at ¶ 22. Therefore, in order to mitigate damages, Plaintiff paid the Purchase Price to Oshkosh a second time (the "Second Payment"). *Id*. at ¶ 25. Due to Defendant's actions and the Default, Plaintiff has been damaged in the amount of the First Payment ($237,753.00) plus interest from July 16, 2020, and attorney's fees Plaintiff was forced to incur. *Id*. at ¶ 41.

Based on the foregoing, Plaintiff is entitled to a judgment on its First Claim for breach of contract in the amount of the First Payment. *See CSAA Ins. Exch.*, 72 Cal. App. 5th at 278.

**B.     PLAINTIFF IS ENTITLED TO INDEMNIFICATION**

Plaintiff is also entitled to indemnification for any expenses, injuries or damages it incurred in connection with Defendant's acts or any breach of the Originator Agreement. The Originator Agreement explicitly states, in relevant part that:

> [Defendant] agrees to indemnify and hold [Plaintiff] harmless for any and all expenses, injury and damage, including reasonable attorney's fees, which [Plaintiff] may hereafter incur, pay or suffer as a result of [Defendant's] acts or any breach of [Defendant's] obligations, representations and warranties set forth herein…

Wood Affidavit, Ex. A, at ¶ 9 (emphasis added).

As set forth in the Wood Affidavit, based on Defendant's acts of providing Plaintiff with fictious wire instructions thereby directing Plaintiff to make the First Payment to a fictitious vendor and the Default of the Originator Agreement, Plaintiff has been damaged in the amount of the First Payment ($237,753.00) *Id*. at ¶ 41.

Based on the foregoing, Plaintiff is entitled to judgment on its Second Claim for indemnification in the amount of the First Payment.

3217863v4

## C.    <u>PLAINTIFF IS ENTITLED TO RECOVER ITS LEGAL FEES AND COSTS</u>

Plaintiff is also entitled to recover its legal fees and costs which were incurred due to Defendant's acts and/or the Default of the Originator Agreement. Under California law, "[a]ttorney['s] fees can be awarded as costs to the prevailing party when authorized by contract." *R.P. Richards, Inc. v. Chartered Const. Corp.*, 83 Cal. App. 4th 146, 158 (Cal Ct. App., 2d. Dist. 2000).

As set forth herein, the indemnification provision found in the Originator Agreement provides that such indemnification includes reasonable attorney's fees and costs incurred due to Defendant's actions and/or breaches of the Originator Agreement. *See supra* II.B; Wood Affidavit, Ex. A, at ¶ 9. The Originator Agreement also provides that Plaintiff shall be entitled to recover its reasonable attorney's fees incurred in connection with its enforcement of the Originator Agreement. *Id* at ¶ 18.

Accordingly, Plaintiff is entitled to a judgment on its Third Claim for attorney's fees and costs as set forth in the Bernstein Affirmation at ¶¶ 18-34.

## POINT III

### DEFENDANT'S AFFIRMATIVE DEFENSES ARE<br><u>WITHOUT MERIT AND CANNOT DEFEAT SUMMARY JUDGMENT</u>

Defendant's Amended Answer asserts twenty (20) boilerplate and conclusory affirmative defenses, unsupported by any specific factual allegations. *See* Bernstein Affirmation at ¶ 6, Ex. D at pgs. 5-7.

As set forth above, Plaintiff has established its *prima facie* right to summary judgment on its First, Second and Third Claims. Therefore, the burden shifts to the Defendant to produce evidentiary proof in admissible form to require a trial of material issues of fact. *See Glenn Miller Prods., Inc.*, 454 F.3d at 987. To satisfy this burden, the Defendant must put forth specific facts

that show there is a genuine issue for trial; therefore, conclusory, or unsubstantiated allegations are insufficient. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87. *See also Porter*, 419 F.3d at 891 ("…once the moving party meets the requirements of Rule 56 by showing there is an absence of evidence to support the non-moving party's case, the burden shifts to the party resisting the motion, who must set forth specific facts showing that there is a genuine issue for trial.").

As illustrated below, Defendant's affirmative defenses lack merit and Defendant has failed to raise a triable issue of material fact.

## A.     DEFENDANT'S FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAM

Defendant's First Affirmative Defense alleges that Plaintiff failed to state a claim upon which relief can be granted. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 5. In order to state a cause of action for breach of contract, a plaintiff must allege the existence of a valid contract, breach of that contract and resulting damages. *CSAA Ins. Exch.*, 72 Cal. App. 5th at 276. Plaintiff sufficiently alleged each of these elements. *See supra* II.A.

Plaintiff pled that: (i) Defendant entered into the Originator Agreement (Bernstein Affirmation at ¶ 5, Ex. C at ¶ 6. *See also* Wood Affidavit at ¶ 15); (ii) Defendant breached the Originator Agreement by: (1) breaching its obligations, representations and warranties by, among other things, providing Plaintiff with fictitious wire information, failing to pay for and/or acquire the Truck, failing to provide Plaintiff with a first priority security interest in the Truck; (2) failing to repurchase the Devault Contract as per the terms of the Originator Agreement (Bernstein Affirmation at ¶ 5, Ex. C at ¶¶ 16-28. *See also* Wood Affidavit at ¶ 26) and (3) failing to indemnify Plaintiff as required under the Originator Agreement. Wood Affidavit, Ex. A at ¶ 9.

Plaintiff sufficiently alleged that the Default caused Plaintiff damages. Bernstein Affirmation at ¶ 5, Ex. C at ¶ 28. *See also* Wood Affidavit at ¶¶ 40-41.

Additionally, Plaintiff has established its right to indemnification for any expenses, injuries or damages it incurred in connection with Defendant's acts or any breach of the Originator Agreement, along with its entitlement to recover attorney's fees and costs associated with enforcing the Originator Agreement. *See supra* II.B, C; Wood Affidavit at ¶¶ 27, 29.

An affirmative defense alleging failure to state a cause of action is baseless when a complaint alleges the requisite elements to assert causes of action on Plaintiff's claims. *See Troyk v. Farmers Group, Inc*., 171 Cal. App. 4th 1305, 1321 (Cal Ct. App., 4th Dist. 2009) (stating that plaintiff is not required "to disprove any defense asserted by the defendant as well as prove each element of his own cause of action" and that "[i]t is sufficient for a plaintiff to prove each element of [Plaintiff's] cause of action."). *See also Aguilar v. Atl. Richfield Co*., 25 Cal. 4th 826, 851 (2001) ("A prima facie showing is one that is sufficient to support the position of the party in question. No more is called for.") (internal citations omitted).

Plaintiff clearly states and alleges claims for which relief can be granted. Defendant has failed to create a triable issue of fact. Therefore, Defendant's First Affirmative Defense is baseless and should be dismissed.

## B.    DEFENDANT'S SECOND AFFIRMATIVE DEFENSE: TOO INDEFINITE TO BE ENFORCED

Defendant's Second Affirmative Defense asserts that any right Plaintiff seeks to enforce is "too indefinite to be enforced." *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 5. In order for an affirmative defense to be sufficient it must give "fair notice" i.e. describe the defense "in general terms." *Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*, No. 15-cv-01137, 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016). Here, Defendant provides no factual basis for its

10

allegations and Plaintiff is unaware what Defendant means by stating Plaintiff's rights are "too indefinite to be enforced." Defendant's Second Affirmative Defense fails to create a triable issue of fact and should be dismissed.

**C.    DEFENDANT'S THIRD AFFIRMATIVE DEFENSE:**
       <u>**MISTAKE**</u>

Defendant's Third Affirmative Defense asserts that "any purported contract between [Plaintiff] and [Defendant] is void on the grounds of mistake." *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 5. Under California law, in order for a contract to be rescinded based upon mistake, Defendant must establish mutual mistake or unilateral mistake which is "known to [Plaintiff] and is encouraged or fostered by [Plaintiff]". *Merced Cnty. Mut. Fire Ins. Co. v. State of California*, 233 Cal. App. 3d 765, 772 (Cal Ct. App., 5th Dist. 1991).

Here, Defendant has not alleged any facts establishing that there has been a mutual mistake or a unilateral mistake. There is clearly no mutual mistake because Plaintiff is not mistaken about any material fact within the Originator Agreement or Defendant's obligations thereunder. Wood Affidavit at ¶ 35.

To the extent, Defendant unilaterally made a mistake as to a material fact within the Originator Agreement, Defendant has not and cannot establish that such a mistake was known to, encouraged or fostered by Plaintiff. *See Est. of Eskra*, 78 Cal. App. 5th 209, 223–24 (Cal Ct. App., 5th Dist. 2022) (listing elements). As a result, Defendant's Third Affirmative Defense fails as a matter of law and therefore should be dismissed.

**D.    DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE:**
       <u>**FRAUDULENT INDUCEMENT**</u>

Defendant's Fourth Affirmative Defense alleges that any right Plaintiff seeks to enforce is void on the grounds of fraudulent inducement. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 5. In California, the elements of the defense of fraudulent inducement are identical to the elements

on an affirmative fraud claim. *Golden Gate Way, LLC v. Enercon Services, Inc.*, 572 F. Supp. 3d. 797, 827 (N.D. Cal. 2021) (finding the elements of a defense of fraud in the inducement of a contract are the same elements as actual fraud); *see also Influential Network, Inc v. Darkstore, Inc.*, No. 21-cv-07162, 2023 WL 2372060, at *5 (C.D. Cal. Feb. 14, 2023). Therefore, in order to state an affirmative defense sounding in fraud, Defendant must allege (1) a misrepresentation made by Plaintiff which Plaintiff knew was false; (2) Plaintiff's intention to defraud and induce Defendant's reliance; (3) justifiable reliance by Defendant; and (4) damages. *See Yi v. Circle K Stores, Inc.*, 258 F. Supp. 3d 1075, 1087 (C.D. Cal. 2017), *aff'd*, 747 F. App'x 643 (9th Cir. 2019) (listing elements for an affirmative claim for fraud in the inducement) Defendant has failed to set forth any of these elements and instead conclusively asserts that Plaintiff's rights are void on the grounds of fraudulent inducement. Moreover, Plaintiff has not fraudulently induced Defendant into any actions. Wood Affidavit at ¶ 36. Therefore, Defendant's Fourth Affirmative Defense must be dismissed as it fails to raise a triable issue of material fact.

E. **DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE: UNCONSCIONABILITY**

Defendant's Fifth Affirmative Defense alleges that any contract between Plaintiff and Defendant is somehow void on the grounds of unconscionability. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 5. In order for a contract to be unenforceable on the grounds of unconscionability, the contract must be procedurally and substantively unconscionable. *See Bakersfield Coll. v. California Community Coll. Athletic Assn.*, 41 Cal. App. 5th 753, 757 (Cal Ct. App., 3rd Dist. 2019) ("Unconscionability consists of both procedural and substantive elements") (citation omitted in the original); *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1245 (Cal Ct. App. 1st Dist. 2007) ("A court may deem a contract provision unconscionable, and therefore unenforceable, only if it is *both* procedurally and substantively unconscionable.")

(emphasis in the original). Procedural unconscionability "requires oppression or surprise", whereas substantive unconscionability "looks to the actual terms of the parties' agreement" which "must be so one-sided as to shock the conscious." *Bakersfield Coll.*, 41 Cal. App. 5th at 760, 765; *Pinnacle Museum Tower Assn. v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246-47 (2012). Moreover, in general, the doctrine of unconscionability has little applicability to "an arm's-length negotiation between two sophisticated and experienced parties…" *See Am. Software, Inc. v. Ali*, 46 Cal. App. 4th 1386, 1394-95 (Cal Ct. App., 1st Dist. 1996).

Here, Defendant does not, and cannot, allege in good faith, that any provision of the Originator Agreement: (1) is so oppressive such that the Originator Agreement involves "lack of negotiation and meaningful choice"; (2) contains surprise, such as "where [any of the provisions] are hidden within a prolix printed form"; or (3) contains terms which are "so one-sided as to shock the conscious." *Bakersfield Coll.*, 41 Cal.App.5th at 760, 765; *see also Pinnacle Museum Tower Assn.*, 55 Cal. 4th at 246-47. In addition, the Originator Agreement is a commercial transaction, which was the result of negotiations between sophisticated business entities. Accordingly, Defendant's Fifth Affirmative Defense must be dismissed.

## F.   DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE: <u>ILLEGALITY OR BARRED UNDER STATE LAW</u>

Defendant's Sixth Affirmative Defense alleges that Plaintiff's Amended Complaint is barred because any contract between Wintrust and Pinnacle is void on the grounds of illegality or barred under state law. *See Bernstein Affirmation at ¶ 6, Ex. D at pg. 5. Defendant does not point to any justification for declaring that the Originator Agreement is illegal or barred under state law and there is nothing to suggest that it is. Defendant's Sixth Affirmative Defense does not create a genuine issue of material fact and must be dismissed.

3217863v4

## G.    DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE: <u>DURESS</u>

Defendant's Seventh Affirmative Defense alleges that Plaintiff's Amended Complaint is barred because any contract between Wintrust and Pinnacle is void on the grounds of duress. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 5. "Duress generally exists whenever one is induced by the unlawful act of another to make a contract or perform some other act under circumstances that deprive him of the exercise of free will." *Tarpy v. County of San Diego*, 110 Cal. App. 4th 267, 276 (Cal Ct. App., 4th Dist. 2003). Defendant was not induced by any action of Plaintiff (let alone an unlawful action) to enter into the Originator Agreement. Wood Affidavit at ¶ 37. Defendant, by its own free will, chose to enter into the Originator Agreement. Based on the foregoing, Defendant's Seventh Affirmative Defense lacks merit and must be dismissed.

## H.    DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE: <u>IMPOSSIBILITY</u>

Defendant's Eighth Affirmative Defense alleges that Plaintiff's Amended Complaint is barred because any contract between Plaintiff and Defendant is void on the grounds of impossibility. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 6. The doctrine of impossibility excuses a party's performance when "the party asserting the defense has demonstrated that it was impossible to perform its own contractual obligations to the other contracting party…" *SVAP III Poway Crossings, LLC v. Fitness Int'l, LLC*, 87 Cal. App. 5th 882, 893 (Cal Ct. App., 4th Dist. 2023). Obligations may be rendered impossible to perform if performance is "impractical" i.e. when "it can only be done at an excessive and unreasonable cost." *Habitat Tr. for Wildlife, Inc. v. City of Rancho Cucamonga*, 175 Cal. App. 4th 1306, 1336 (Cal Ct. App., 4th Dist. 2009). Here, Plaintiff is alleging that Defendant breached its obligations, representations and warranties by, among other things, failing to provide Plaintiff with accurate wire instructions and failing to repurchase the Devault Agreement from Plaintiff after the Initial Default. *See supra* II.A.

14

Defendant does not allege, nor could it, that these obligations were rendered impossible or impractical to perform. Accordingly, Defendant's Eighth Affirmative Defense must be dismissed.

## I.    DEFENDANT'S NINTH AFFIRMATIVE DEFENSE: <u>UNDUE INFLUENCE</u>

Defendant's Ninth Affirmative Defense states that Plaintiff's Amended Complaint is barred because any contract between Plaintiff and Defendant is void on the grounds of undue influence. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 6. In order to establish undue influence, Defendant must show that Plaintiff exerted "excessive pressure" upon Defendant and that Defendant is "vulnerable" and susceptible to undue influence as a "servient [entity]". *Martinez-Gonzalez v. Elkhorn Packing Co. LLC*, 25 F.4th 613, 625 (9th Cir. 2022). *See also In re Cheryl E.*, 161 Cal. App. 3d 587, 601 (Cal Ct. App., 2d Dist. 1984) ("Undue influence consists in the use of excessive pressure by a dominant person over a servient person resulting in the apparent will of the servient person being in fact the will of the dominant person."). Defendant is a sophisticated business entity, and its conclusory affirmative defense asserting undue influence lacks merit. Therefore, Defendant's Ninth Affirmative Defense fails to create a triable issue of fact and must be dismissed.

## J.    DEFENDANT'S TENTH AFFIRMATIVE DEFENSE: <u>LACKS CONSIDERATION</u>

Defendant's Tenth Affirmative Defense asserts that Plaintiff's Amended Complaint is barred because any contract between Plaintiff and Defendant is void on the grounds that it lacks consideration. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 6. "Consideration consists of either a benefit to the promisor or a detriment to the promisee." *Speirs v. BlueFire Ethanol Fuels, Inc.*, 243 Cal. App. 4th 969, 987 (Cal Ct. App., 4th Dist. 2015) (quotation omitted). In this case, the consideration received by Defendant was, *inter alia*, the payment it received from Plaintiff for its

15

role as an originator as set forth in the Originator Agreement which included the First Payment made on behalf of Defendant to Oshkosh. Wood Affidavit at ¶ 38. Thus, Defendant's Tenth Affirmative Defense lacks merit and must be dismissed.

**K.    DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE:**
**      ACCORD AND SATISFACTION**

Defendant's Eleventh Affirmative Defense alleges that Plaintiff's Amended Complaint is barred by the doctrine of accord and satisfaction. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 6. Accord and satisfaction will only be found where: "(1) there was a bona fide dispute between the parties, (2) [] the debtor made it clear that acceptance of what he tendered was subject to the condition that it was to be in full satisfaction of the creditor's unliquidated claim, and (3) [] the creditor clearly understood when accepting what was tendered that the debtor intended such remittance to constitute payment in full of the particular claim in issue." *BII Fin. Co. v. U-States Forwarding Services Corp*., 95 Cal. App. 4th 111, 126 (Cal Ct. App., 2d Dist. 2002). Defendant has not set forth any evidence that it tendered any payment to Plaintiff or that Plaintiff accepted such a payment from Defendant that "constituted payment in full" resolving Plaintiff's claims. The doctrine of accord and satisfaction does not apply herein and therefore Defendant's Eleventh Affirmative Defense must be dismissed.

**L.    DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE:**
**      WAIVER, ACQUIESCENCE AND ESTOPPEL**

Defendant's Twelfth Affirmative Defense alleges that Plaintiff's Amended Complaint is barred by the doctrines of waiver, acquiescence, and estoppel. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 6. To prevail on a defense based on waiver, Defendant must establish "an intentional relinquishment of a known right." *Loughan v. Harger-Haldeman*, 184 Cal. App. 2d 495, 502 (Cal Ct. App., 2d Dist. 1960); *Miller v. Elite Ins. Co*., 100 Cal. App. 3d 739, 753 (Cal Ct. App., 1st Dist. 1980). Defendant has failed to establish that Plaintiff abandoned, intentionally or

otherwise, its rights to recover amounts owed under the Originator Agreement due to the Default. In this regard, any waiver or acquiescence defense is without merit.

In addition, in order to assert a valid claim for estoppel, Defendant must show "(a) a representation or concealment of material facts [by Plaintiff] (b) made with knowledge, actual or virtual, of the facts (c) to [] [Defendant who is] ignorant, actually and permissibly, of the truth (d) with the intention, actual or virtual, that [] [Defendant] act on it, and (e) that [] [Defendant] was induced to act on it." *Stephens & Stephens XII, LLC v. Fireman's Fund Ins. Co.*, 231 Cal. App. 4th 1131, 1149 (Cal Ct. App., 1st Dist. 2014). Defendant has not, and will not, be able to satisfy the foregoing elements to demonstrate that Plaintiff is estopped from pursuing its rights and remedies under the Originator Agreement. *See* Wood Affidavit at ¶ 39 (confirming Plaintiff has never made any false or misleading representations in connection with the Originator Agreement).

Accordingly, Defendant's Twelfth Affirmative Defense must be dismissed.

**M.    DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE: <u>STATUTE OF LIMITATIONS AND LACHES</u>**

Defendant's Thirteenth Affirmative Defense asserts that Plaintiff's Amended Complaint is barred by the statute of limitations or the doctrine of laches. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 6. Pursuant to California Civil Procedure Code § 337, causes of action based upon breach of contract have a four-year statute of limitations. Cal. Civ. Proc. Code § 337; *Sakayan v. Zhabilov*, No. 22-cv-6618, 2022 WL 18231674, *3 (C.D. Cal. Nov. 28, 2022). The doctrine of laches "applies to equitable actions" and "does not apply as a defense to causes of action seeking money judgments…" *Blaser v. State Teachers' Retirement Sys.*, 37 Cal. Rptr. 3d 428, 453-54 (Cal Ct. App., 6th Dist. 2022), *review denied* (Mar. 15, 2023), as modified on denial of reh'g (June 20, 2018)). Moreover, even though the doctrine of laches may be invoked when "the lapse

of time is less than the applicable period of limitations" Defendant would have to establish that "there was an unjustified delay" which has "significantly injured" Defendant. *See City of Oakland v. Oakland Police & Fire Retirement System*, 224 Cal. App. 4th 210, 248 (Cal App., 1st Dist. 2014)

In this case, Plaintiff has established that the Initial Breach of the Originator Agreement occurred, at the earliest, on July 16, 2020, when Defendant provided Plaintiff with fictitious wire instructions. *See* Wood Affidavit at ¶ 20. The Amended Complaint was filed on November 19, 2020. *See* Bernstein Affirmation at ¶ 6, Ex. C. Clearly, the Amended Complaint was filed within the applicable four-year statute of limitations and there was no delay as is evident by the fact that the Amended Complaint was filed approximately four (4) months after the Initial Default. Lastly, Plaintiff is seeking a monetary judgment against Defendant for breaching the Originator Agreement – this is not an equitable action. For all the foregoing reasons, any defense based on the statute of limitations or the doctrine of laches has no merit.

Defendant's Thirteenth Affirmative Defense must be dismissed.

## N.    DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE: NO DAMAGES

Defendant's Fourteenth Affirmative Defense asserts that Plaintiff has not been damaged. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 6. In setting forth its *prima facie* case, Plaintiff has clearly established it has been damaged. *See supra* II.A.  As set forth in the Wood Affidavit, Plaintiff has been damaged in the amount of the First Payment as Plaintiff had to make the Second Payment to Oshkosh. Wood Affidavit at ¶¶ 25, 41. In addition, Plaintiff has been damaged as it has been forced to incur attorney's fees and costs in order to enforce its rights under the Originator Agreement. *Id*.; Bernstein Affirmation at ¶¶ 18-34. Defendant's Fourteenth Affirmative Defense fails to raise a triable issue of fact and therefore must be dismissed.

**O.     DEFENDANT'S FIFTEENTH AND SIXTEENTH AFFIRMATIVE DEFENSE:
        <u>DAMAGES CAUSED BY THIRD PARTIES OR PLAINTIFF NOT DEFENDANT</u>**

Defendant's Fifteenth and Sixteenth Affirmative Defenses allege that Defendant is not liable to Plaintiff because Plaintiff's damages, if any, were caused by third parties over whom Defendant does not have control or were caused by Plaintiff's own actions. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 6. By executing the Originator Agreement, Defendant agreed to the obligations set forth therein. Pursuant to the terms of the Originator Agreement, Defendant is the only entity that is responsible for ensuring that all documents submitted to Plaintiff by Defendant are "valid" and "authentic". *See* Wood Affidavit at ¶ 27; Ex. A at ¶ 5(A). Defendant was the only entity which provided incorrect wire instructions to Plaintiff. In addition, Defendant was the only entity responsible to pay for and/or acquire the Truck and to ensure that Plaintiff was provided a first priority security interest in same. *Id*. at ¶ 27; Ex. A at ¶ 5(G); Ex. B at ¶ 2. Lastly, after the Initial Default, Defendant was the only entity responsible to repurchase the Devault Contract from Plaintiff. *Id*. at ¶ 31; Ex. A at ¶ 12. Lastly, Defendant was the only entity required to indemnify Plaintiff for its acts. *Id*. at ¶ 29; Ex. A at ¶ 9. The liability of Defendant's default is Defendant's and Defendant's alone. Defendant's Fifteenth and Sixteenth Affirmative Defense must be dismissed.

**P.     DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE:
        <u>UNCLEAN HANDS</u>**

Defendant's Seventeenth Affirmative Defense asserts that Plaintiff's Amended Complaint is barred because Plaintiff has unclean hands. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 7. The doctrine of unclean hands is unavailable as a defense unless the party against whom it is asserted has acted in a way that "violates conscience, or good faith, or other equitable standards of conduct…" *Meridian Fin. Services, Inc. v. Phan*, 67 Cal. App. 5th 657, 685 (Cal Ct. App., 4th Dist. 2021). Defendant's conclusory invocation of the doctrine of unclean hands is

insufficient to raise a triable issue of fact. Moreover, Defendant cannot establish that Plaintiff has acted in a way that "violates conscience." Therefore, Defendant's Seventeenth Affirmative Defense must be dismissed.

**Q.    DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE:**
<u>**FAILURE TO MITIGATE DAMAGES**</u>

Defendant's Eighteenth Affirmative Defense alleges that Plaintiff failed to mitigate its damages by "refus[ing] to contact authorities responsible for investigating wire fraud as soon as [] Plaintiff realized it had wired money to a bank account owned by a person or entity other than Oshkosh.". *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 7. Defendant did not advise Plaintiff that Oshkosh did not receive the First Payment until August 21, 2020. Wood Affidavit at ¶ 23; Ex. E at D0347-D03480. Therefore, by the time Defendant advised Plaintiff of what had occurred, the fictitious vendor had already withdrawn the First Payment funds and closed its bank account. *Id*. at ¶ 24. Moreover, the fictitious vendor provided non-genuine wire instructions directly to Defendant, not to Plaintiff. Therefore, Defendant was the entity which was actually defrauded by the fictitious vendor. *See* Wood Affidavit at ¶¶ 19-20. Defendant offers no explanation for why it did not contact authorities. Nothing requires Plaintiff to contact the authorities. This is especially true in light of the fact that Defendant was the entity which was defrauded by the fictitious vendor.

Moreover, in order to avoid potential litigation (commenced on behalf of Devault) and to further mitigate Plaintiff's (and Defendant's) potential damages, Plaintiff made the Second Payment to Oshkosh to ensure Devault could obtain title to the Truck, there was no question that Defendant performed under the Devault Contract and Plaintiff performed under the Assignment. *Id*. at ¶ 25. Therefore, Defendant's Eighteenth Affirmative Defense lacks merit and must be dismissed.

**R.    DEFENDANT'S NINETEENTH AFFIRMATIVE DEFENSE:**
    **STANDING**

Defendant's Nineteenth Affirmative Defense alleges that Plaintiff's Amended Complaint is barred because Plaintiff lacks standing. *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 7. Plaintiff and Defendant entered into the Originator Agreement and the Assignment. Wood Affidavit at ¶¶ 15, 17; Exs. A, C. Defendant admits that it entered into the Originator Agreement and the Assignment. Bernstein Affirmation at ¶¶ 5, 6, Exs. C and D at ¶¶ 6. Plaintiff has not assigned its rights under the Originator Agreement or Assignment to any other party. Wood Affidavit at ¶ 17. As such, Plaintiff clearly has standing to assert its claims, Defendant's Nineteenth Affirmative Defense is inapplicable and therefore must be dismissed.

**S.    DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE:**
    **EXPRESS OR IMPLICITLY MODIFIED CONTRACT**

Defendant's Twentieth Affirmative Defense asserts that Plaintiff's Amended Complaint is barred because "the parties expressly or implicitly modified any purported contract between them." *See* Bernstein Affirmation at ¶ 6, Ex. D at pg. 7. Defendant's Twelfth Affirmative Defense is not supported by the facts or the law. First, Defendant has not alleged the Originator Agreement was modified by either a writing or oral agreement. However, even if Defendant did make those allegations, the Originator Agreement includes a merger clause which specifically states:

> The terms and provisions of this Agreement shall not be waived, altered, modified supplemented or amended in any manner whatsoever except by written instrument executed by the parties hereto. This Agreement is the entire agreement between the parties hereto with respect to the subject matter hereof and all oral and contemporaneous representations and agreements are merged herein. In addition, this Agreement may not be changed, amended or altered by any course of dealing or performance of the parties unless there is a written amendment or agreement signed by the appropriate parties.

3217863v4

Wood Affidavit, Ex. A at ¶17. In California, where a contract contains a merger or integration clause, the contract will be enforced. *See Malmstrom v. Kaiser Aluminum & Chem. Corp.*, 187 Cal. App. 3d 299, 316 (Ct. App. 1986) (preventing plaintiff from showing that an implied agreement for termination for cause existed where the express terms of plaintiff's employment contract contained a merger clause and provided that plaintiff's employment was at will). Based on the fact that Defendant has failed to make any factual allegations that the Originator Agreement has been modified and the Originator Agreement has a merger clause, Defendant's assertion that the Originator Agreement was expressly or implicitly modified is without merit and therefore Defendant's Twentieth Affirmative Defense must be dismissed.

## POINT III

## CONCLUSION AND PRAYER FOR RELIEF

As the foregoing illustrates, Plaintiff has established its *prima facie* entitlement to judgment as a matter of law. The burden lies with the Defendant to establish there is a genuine issue of material fact which precludes summary judgment. Defendant's affirmative defenses are insufficient as a matter of law and therefore Defendant has failed to meet its burden. Thus, Plaintiff's Motion must be granted in its entirety.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order granting its Motion for Summary Judgment on its First, Second and Third Claim and granting such other and further relief to which it justly may be entitled.

Dated: Garden City, New York
April 28, 2023

                       */s/ Lauren Bernstein*    
                        Lauren Bernstein, Esq.

3217863v4